ROBERT O'KEEFE, WHO SUES BY JULIA O'KEEFE, HIS·
MOTHER AND NEXT FRIEND, v. SAMUEL S. MOORE,
HEAD KEEPER OF THE NEW JERSEY STATE PRISON.

1. Under existing laws in this state a Court of Special Sessions is not a
   sitting of the Court of General Quarter Sessions of the Peace, but is a
   special tribunal, dependent for its jurisdiction upon statutory pre-
   requisites.
2. If, on waiver of indictment and of trial by jury, the accused consents
   only to a trial before three judges, he cannot be tried by one judge.

In matter of *habeas corpus.*

Argued at February Term, 1897, before Justices DIXON,
LUDLOW and COLLINS.

For the petitioner, *John A. Montgomery.*

For the defendant, *John P. Stockton,* attorney general.

The opinion of the court was delivered by

COLLINS, J.   The petitioner, being detained in the state
prison, sued out a writ of *habeas corpus.*   The commitment
returned being palpably defective, the state brought up, by
*certiorari,* the original proceedings, and the justice who·
allowed the writs referred the matter to this court.

The return to the *certiorari* discloses what purports to be
a conviction and sentence of the petitioner in a Court of
Special Sessions, following a waiver of indictment and of·
trial by jury.

Under a constitution like that of this state, the better
opinion is that such a waiver to be effectual must be authorized
by statute (*State* v. *Edwards,* 16 *Vroom* 419), and the reason
would seem to be that, in criminal cases, the state as well as
the accused should consent to such a change in constitutional
methods.

Various special acts applicable to particular counties have given the necessary authority, and have established procedure in case of such waiver, and certain general acts on the subject are now extant. None of these acts provides for a trial by a court of general jurisdiction. Each of them provides for a special tribunal, whose jurisdiction depends upon statutory prerequisites.

A Court of Special Sessions is not a mere sitting of a Court of General Quarter Sessions of the Peace, although composed of the same individuals who, *ex officio,* constitute that court. Each case is tried by a court created *pro hac vice,* with a record and clerk of its own.

Among the prerequisites to jurisdiction are the essential ones that the accused shall, in writing, waive indictment and trial by jury and request an immediate trial, and that the presiding judge of the Court of Common Pleas of the proper county shall " call " a Court of Special Sessions for such trial. Under the special acts above referred to, such court consisted of the presiding judge and at least two other judges of the Court of Common Pleas. Under the general acts passed before 1896, it might consist of the presiding judge and one other judge of that court.

By a statute approved March 26th, 1896 (*Pamph. L., p.* 149), it was enacted that after March 31st, 1896, there should be no more than one judge of the Court of Common Pleas in each county, exclusive of the justice of the Supreme Court authorized to hold the Circuit Court therein, and that either said judge or justice, or both, might hold the Court of Common Pleas, Orphans' Court and Court of General Quarter Sessions of the Peace and Special Sessions in the county ; and that such judge should have and might exercise all the jurisdiction and powers theretofore vested in or exercised by any judge or the judges of the Court of Common Pleas.

Such being the state of the law, the petitioner, on June 25th, 1896, signed a writing reciting a special act that authorized a trial by at least three judges, and requesting a trial " in the manner and form provided for by said act." There-

upon, the judge of the Court of Common Pleas of the county signed an order calling a Court of Special Sessions to be composed of himself "and at least one other judge of said Court of Common Pleas." Such a court could lawfully be convened, under proper conditions, the justice of the Supreme Court authorized to hold the Circuit Court of the county sitting as the other judge, within the terms of the call; but, in fact, the judge alone tried, convicted and sentenced the accused. He was plainly without jurisdiction to do so.

After the issue of the writ of *habeas corpus*, an order was signed by the judge reciting that the words "or at least one other judge of said Court of Common Pleas" were, by reason of the inadvertent use of an obsolete printed blank, erroneously contained in the order convening the Court of Special Sessions, and amending such order by striking out those words.

This attempted amendment was nugatory, for no Court of Special Sessions had ever come into existence up to that time. The most that can be argued is that the prisoner may *now* be arraigned and tried before a Court of Special Sessions composed of one judge. But even this cannot be. He never consented to any such trial, nor indeed to a trial before *two* judges. His request was for a trial before *three* judges, and to nothing else can he be subjected. This being impossible, the whole proceeding fails. Vice Chancellor Pitney so decided on *habeas corpus* in a similar case (*State* v. *Kampf*, 30 *Atl. Rep.* 318), and there seems to be no escape from such a conclusion now.

The petitioner must be discharged from custody.