## In re GORDON.

(District Court. S. D. New York. February 1, 1909.)

No. 11,356.

1. BANKRUPTCY (§ 241*)—EXAMINATION OF BANKRUPT—FALSE TESTIMONY.

On the examination of a bankrupt, he several times denied that he had any money in his pocket, and then admitted that he had about $1.50, and finally, when directed to produce whatever he had in his pocket, took therefrom a roll of bills amounting to $100, which he claimed belonged to another, as the receiver finally determined. *Held*, that the bankrupt's false testimony was not prejudicial to the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 241.*]

2. BANKRUPTCY (§ 241*) — EXAMINATION OF BANKRUPT — FALSE TESTIMONY — CONTEMPT.

Where a bankrupt testified falsely with reference to the money he had in his possession at the time of his examination, which testimony was not prejudicial to his estate, he should be regarded as having purged his contempt by admitting the falsity of his testimony and testifying truly to all the facts during such examination.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 241.*]

In Bankruptcy.

James, Schell & Elkus, for the motion.
Max D. Steuer, opposed.

HOLT, District Judge. This is a motion to punish the bankrupt for contempt. The bankrupt, when under examination, was asked if he had any money in his pocket. At first he replied that he had nothing. The question was repeated several times, in substance, and he made the same reply, except that he admitted that he had about $1.50. Finally the counsel asked him, and the commissioner conducting the examination directed him, to produce whatever he had in his pocket. He then produced from his pocket a roll of bills, amounting to $100, and said that it was not his money, but that it belonged to a man named Schoolman, who had intrusted it to him for the purpose of making a purchase. The question who owned this money was subsequently referred to a referee, and he decided that Schoolman owned it. The alleged contempt consists in the bankrupt's repeated denials that he had any money in his pocket when first questioned on the subject.

In the first place, this is a trivial matter, so far as the interests of the estate are concerned. Even if the bankrupt was giving intentionally false testimony, it would not, if believed, have wronged the creditors of the estate. In the next place, it is possible that the bankrupt thought he had a right to answer as he did, because of the fact

that the $100 in his pocket belonged to Schoolman, as has been decided by the referee.

But there is another ground upon which I prefer to put my decision in this case, and that is the importance of not discouraging bankrupts who have given false testimony from afterwards admitting the truth. Almost every bankrupt who has intentionally concealed his property before bankruptcy concocts a false explanation, and, when he is examined, at first gives false testimony in support of such fabricated explanation. Like all false evidence, however, such testimony usually will not stand the test of thorough cross-examination by a competent lawyer. It frequently happens that a bankrupt, after cross-examination has exposed the improbability or absurdity of the evidence given, would be willing to confess the truth, if he were not afraid of the consequences of the false evidence that he has given. In such cases he must take the chances of a prosecution for perjury; but, so far as the charge of contempt is concerned, I think that he should be regarded as having purged his contempt if he has, at any time in the course of his examination, given such full and truthful information concerning his estate as the creditors have a right to require. I think, therefore, as a general rule, that, in cases in which the bankrupt has begun by giving even intentionally false testimony, if, during the course of the same examination, he changes his mind and testifies truthfully, he ought not to be punished for contempt. In exceptional cases, or in cases where the recantation does not take place until adjourned dates, and in the meanwhile, because of his false testimony, any injury has happened to the estate, a different conclusion may be reached.

Motion denied.