MAGEN et al. v. CAMPBELL et al.

(Circuit Court of Appeals. Third Circuit. April 25, 1911.)

No. 92 (1,449).

BANKRUPTCY (§ 241*)—CONTEMPT—PROCEEDINGS.

Where a petition against bankrupts for contempt charged that the bankrupts, on their examination concerning their affairs, on many occasions had committed perjury in giving testimony which they knew was false, and on many occasions denying knowledge and alleging inability to recall matters concerning which they must have known, etc., the gist of the offense was a charge of perjury; and hence a conviction could not be sustained on proof of the bankrupts' refusal to make a disclosure, under Bankr. Act July 1, 1898, c. 541, § 41, 30 Stat. 556 (U. S. Comp. St. 1901, p. 3437), declaring that a person shall not, in proceedings before a referee, after having taken the oath, refuse to be examined according to

law, and, if he does so, proceedings may be instituted to punish him for contempt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 241.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Proceeding by Horace E. Campbell, trustee in bankruptcy of the estates of Morris Magen and Jacob Magen, individually and as partners, trading as Magen Bros. Company, against Morris Magen and Jacob Magen for contempt. From an order (179 Fed. 572) adjudging the respondents guilty, they bring error. Reversed

Bernard Harris and Henry N. Wessel, for plaintiffs in error.
Julius C. Levi, for defendants in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. This writ of error brings up a judg ment of the District Court adjudging Morris Magen and Jacob Magen guilty of contempt and ordering their commitment to the county jail for the period of 60 days. The alleged contempt occurred before the referee in bankruptcy. The plaintiffs in error are the bankrupts. Section 41 of the bankruptcy act provides that:

"A person shall not, in proceedings before a referee, * * * after naving taken the oath, refuse to be examined according to law. * * * The referee shall certify the facts to the judge if any person shall do any of the things forbidden in this section. The judge shall thereupon, in a summary manner, hear the evidence as to the acts complained of and, if it is such as to warrant him in so doing, shall punish such person in the same manner and to the same extent as for a contempt committed before a court of bankruptcy, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of, or in the presence of, the court."

The Magens were witnesses before the referee at the first meeting of the creditors. To a number of questions asked of each of them, they severally responded, "I don't know," "I can't tell," "I can't remember names," etc. Thereafter the trustee in bankruptcy filed with the referee a petition setting forth that his counsel had been examining the bankrupts on numerous occasions since their adjudication, that they—

"had at all times in such examination shown a determination to hinder and thwart a proper investigation of their affairs, and had knowingly and willfully committed on many occasions deliberate perjury in giving testimony which they knew to be absolutely false, and on many occasions in answering 'I don't know,' 'I can't tell,' 'I can't remember names,' 'I can't recall the names just at this time,' 'I don't remember the dates,' and answers of a similar character, when it was quite evident, from the nature of the questions and the manner of the bankrupts, that they could have answered them, had they so desired," that "said bankrupts deliberately, willfully, and premeditatedly committed perjury in almost every answer which they gave," and also that their answers "showed conclusively that the said bankrupts deliberately intended to frustrate the cause of justice, and to hinder and delay the proper administration of their estate."

Upon the filing of this petition, the referee certified the facts to the judge of the District Court. In his certificate, after reciting the material averments of the petition, he said:

"There is no doubt in the mind of the referee that the witnesses are guilty of perjury, both in their answers as to facts and more particularly in their allegations that they did not remember and could not recall the transactions on which they were investigated," and that "the referee is convinced that the bankrupts deliberately feigned ignorance and are guilty of gross contempt of court."

Upon the filing of the certificate in the District Court, the trustee filed therein a petition in which, after referring to the petition filed before the referee, he said:

"Said bankrupts on March 9, 1910, were examined in reference to said statement [a statement concerning their financial condition made in January, 1909], and the several items comprising the assets and liabilities, and said bankrupts deliberately, willfully, and premeditatedly committed perjury in almost every answer which they gave relative to said statement. Their answers before the referee and the manner of their answering the questions showed beyond the question of a doubt that they answered untruthfully in every instance where they thought it advisable for them so to do. Their answers, 'I don't know,' 'I can't tell,' 'I can't remember names just at this time,' 'I don't remember the dates,' and answers of a similar character to innumerable questions, which were so simple that any business man might be able to give a proper answer to the same, showed conclusively that said bankrupts intended to frustrate the cause of justice and to hinder and delay the proper administration of their estate."

Thereupon the Magens filed their joint answer, denying any purpose of hindering or thwarting the proper investigation of their affairs, denying the alleged perjury, and denying, also, that their answers were intended to be evasive, or that they intended to hide anything that was within their knowledge. A summary hearing was then had, and the court, after consideration of the facts, adjudged "both bankrupts guilty of the contempt charged."

The charge, as we have seen, was perjury; but the case was presented to the District Court as though it were that the bankrupts had taken the oath and then refused to be examined according to law. Had that been the charge, the case would have been much like the Schulman Case, 177 Fed. 191, 101 C. C. A. 361, and possibly the judgment now under review might have stood. But we think the trustee in bankruptcy erred in not framing his petition in such manner as to state a case of contempt under the forty-first section of the bankruptcy act. That section sets forth the only authority conferred by the bankruptcy act for punishing for contempt in proceedings before a referee. As the present proceeding does not conform to the requirements of that section, we have concluded that the judgment must be reversed, and the record be remanded for such further proceedings as justice may require.

Such will be the order. No costs will be awarded to either party in this court.