### In re SHEAR.

#### (District Court, W. D. New York. June 13, 1911.)

#### No. 3,963.

1. BANKRUPTCY (§ 241*)—CONTEMPT—JURISDICTION TO PUNISH.

The judge of a bankruptcy court has jurisdiction to summarily punish for contempt misbehavior of the bankrupt and the giving of false testimony.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 241.*]

2. BANKRUPTCY (§ 241*)—EXAMINATION OF BANKRUPT—FALSE TESTIMONY—CONTEMPT.

Where a bankrupt swore falsely in his testimony and endeavored to conceal property, his conduct was contumacious and punishable as for contempt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 241.*]

In Bankruptcy. In the matter of proceedings against Wilson M. Shear. On motion to punish for contempt. Granted.

Dolson & Dolson, for bankrupt.
Carleton H. White, for trustee.

HAZEL, District Judge. Referee Hamlin has certified to me as judge of the court of bankruptcy, pursuant to section 41 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437]), that the bankrupt, after taking the prescribed oath, refused to be examined according to law, in that on the examination before him he gave willful, evasive, and false testimony, and that he was guilty of contempt of court for refusing to be examined according to law. The asserted false oath was made during the course of the examination of the bankrupt (section 7, subd. 9), and related to the conduct of his business and whereabouts of his property. The matter now comes regularly before me on petition and order for summary hearing.

[1] I have carefully perused and considered the evidence submitted by the certificate of the referee and the answering affidavit of the bankrupt, and it is difficult to escape the conclusion that the bankrupt willfully testified falsely and evasively. The power of the judge to summarily punish for contempt for mis-

behavior and giving false testimony is undeniable. In re Fellerman (D. C.) 149 Fed. 244; In re Bick (C. C.) 155 Fed. 908; In re Singer (D. C.) 174 Fed. 208; In re Schulman (D. C.) 167 Fed. 237; In re Gordon (D. C.) 167 Fed. 239; In re Gitkin (D. C.) 164 Fed. 71; In re Bronstein (D. C.) 182 Fed. 349.

[2] The disobedience certified is one of the gravest known to the administration of justice, and the evils of false swearing in our courts, and specially in bankruptcy proceedings by bankrupts in their endeavor to conceal property, is so great as to require the severest condemnation and punishment in a plain case. The bankrupt has not only been evasive and disingenious in his replies to questions properly put to him before the referee, but in utter disregard of the truth and solemnity of the proceeding he has asseverated untruths and given false testimony, the falsity of which is thought directly established. Abundant opportunity was given him to explain or purge himself, by withdrawing his false testimony, and to testify truthfully. He did not do so, and therefore he is adjudged in contempt of court. The contention that the bankrupt is entitled to trial by jury is untenable. In re Debs, 158 U. S. 594, 15 Sup. Ct. 900, 39 L. Ed. 1092.

The record shows that to interrogatories upon the subject relating to the property and business affairs of the bankrupt he repeatedly testified that in the month of December, 1910, he had given to his stenographer 20 shares of St. Lawrence & Cobalt Consolidated Mining Company stock, being certificate No. 718, and that such stock had always been in her possession; that he had never given such stock to one Nora Hurd, and did not know it was in her possession. Subsequently it appeared that he had previously given such stock to Nora Hurd, and, to comply with the direction of the referee to produce the same at some future time, he wrote Nora Hurd, asking her to surrender it to him. The false oath evidently consists of his repeated statements that the stock was in the possession of his stenographer, and that it was not in the possession of Nora Hurd, indicating his intention to conceal such stock. As the bankrupt estate has not suffered any loss by the false oath, and as the 20 shares of mining stock, in relation to which the false oath was made, have been delivered by the bankrupt to his trustee, and, furthermore, as the value of such stock was not large, as is presumed from what is contained in the record, the punishment will not be attended with imprisonment, unless the bankrupt fails to pay the fine imposed herein.

The bankrupt is sentenced to pay a fine of $100 within 10 days, and for his failure to pay he will stand committed to the marshal of this district, to be imprisoned in the Erie county jail for a period of 30 days, or until the further order of this court.

So ordered.