## In re SHEAR.

### (District Court, W. D. New York. January 4, 1913.)

1. BANKRUPTCY (§ 408*)—DISCHARGE—OFFENSES—NECESSITY OF CONVICTION.
   To deprive a bankrupt of his right to a discharge, it is not necessary that he shall have been convicted of one of the offenses enumerated in the act; but it is enough if it be 'shown by clear and convincing evidence that he has been guilty of such offense.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

2. BANKRUPTCY (§ 408*) — DISCHARGE — FALSE OATH — CONVICTION — PRIMA FACIE EVIDENCE.
   A prior adjudication that the bankrupt had made a false oath, in the course of his examination in relation to the conduct of his business, on the certificate of the referee, and summary punishment for contempt, constitute prima facie proof of a relevant specification against his application for the discharge; but he may still show that the offense was not knowingly and fraudulently committed.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Wilson M. Shear. On review of a special master's decision denying the bankrupt's discharge. Affirmed, on condition.

See, also, 188 Fed. 677.

Carleton H. White, of Buffalo, N. Y., for objecting creditor.
Dolson & Dolson, of Buffalo, N. Y., for bankrupt.

HAZEL, District Judge. The bankrupt, on motion of creditors, was heretofore adjudged guilty by this court of making a false oath in testimony given before the referee in bankruptcy in relation to the whereabouts of his property and the conduct of his business. Subsequently, under section 14 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), specifications were interposed in opposition to his discharge on the ground that he had committed an offense punishable by imprisonment, in that he had made the aforesaid false oath. At the hearing in the bankruptcy proceeding, the objecting creditor introduced in evidence the decision of this court, adjudging the bankrupt guilty of making a false oath and of contempt of court, and then rested, without further evidence. The bankrupt then moved for a dismissal of the specification, and submitted that the objecting creditor failed in affirmatively establishing that he was guilty of an offense under section 29 (b) of the Bankruptcy Act.

[1] To deprive a bankrupt of discharge, it is not necessary that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he shall have been convicted of one of the offenses enumerated. It is enough if it be shown by clear and convincing evidence that he has been guilty of such an offense. In Re Gaylord, 112 Fed. 668, 50 C. C. A. 415, it was plainly held by the Circuit Court of Appeals for this circuit that a bankrupt, who has intentionally testified falsely respecting a material fact at a first meeting of creditors, is not entitled to a discharge, though in that case the court reached the conclusion that the evidence was insufficient to show that the particular statements of which perjury was predicated were false, and the bankrupt was granted his discharge. In Re Kretsch (D. C.) 172 Fed. 523, Judge Hand held that perjury by the bankrupt in proceedings for his discharge did not operate as a bar thereto, where there was other evidence showing him to be entitled to it. In Re Blalock (D. C.) 118 Fed. 679, the court held that the willful making of a false oath in another bankruptcy proceeding was not ground for refusal to discharge.

[2] Apparently there is a well-defined distinction between the making of an intentional false oath in an examination of the bankrupt under section 7 (9) of the Bankruptcy Act and in a proceeding for discharge. In this case the false oath, willfully and fraudulently made as heretofore determined, was made in the course of the examination of the bankrupt in relation to the conduct of his business. His right to a discharge depended upon his appearance at the meeting of creditors and submission to an examination in relation to his business and property. If the evidence as to his conduct and the willful falsity of the oath taken by him clearly show that he is lacking in honesty, his discharge should be refused; but I think the opportunity should not be denied him of showing in this proceeding that the offense of making a false oath was not knowingly and fraudulently committed, and that he should not be prevented from making further explanation of his testimony, if he is able to do so, or from showing that he did not make a willful misstatement of facts on his examination. The prior adjudication that the bankrupt had made a false oath, on the certificate of the referee, and his summary punishment for contempt (In re Shear [D. C.] 188 Fed. 677), are to be considered as showing prima facie that this specification was established.

The discharge is denied, unless the bankrupt within 10 days petitions the court for leave to introduce testimony, in which case the matter will be resubmitted to the special master.