### DAVIDSON v. WILSON et al.

(Circuit Court of Appeals, Third Circuit. February 1, 1923.)

No. 2911.

1. **Bankruptcy** ⊜241(2)—**Witness, violating order of District Court by refusing to testify in proceeding before referee, punished for criminal contempt.**

In proceeding before referee, a witness refused to answer questions, in violation of Bankruptcy Act, § 41a (Comp. St. § 9625), and referee, under section 41b, certified a finding of contempt to District Judge. District Judge ordered witness to answer all questions propounded to him, but on the second hearing witness persisted in his previous course. Referee again certified a finding of contempt to District Judge, who adjudged witness guilty of contempt and sentenced him to three months' imprisonment. *Held*, that the sentence was proper, as the proceeding was for criminal, and not civil, contempt.

2. **Bankruptcy** ⊜467—**Finding of referee in contempt proceedings, affirmed by District Judge, not disturbed.**

The finding of a referee in contempt proceedings, based on conflicting evidence and affirmed by the District Judge, will not be disturbed on appeal, unless it is demonstrated that a plain mistake has been made.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Contempt proceeding by John K. Wilson, trustee of the estate of Max Davidson, individually and trading as M. Davidson & Company, bankrupt, and the United States, against Isaac Davidson. An order of the District Court adjudged Isaac Davidson guilty of contempt and sentenced him to three months' imprisonment, and he brings error. Order affirmed.

Edgar W. Lank, of Philadelphia, Pa., for plaintiff in error.

Robert V. Bolger, Asst. U. S. Atty., and Alfred Aarons, both of Philadelphia, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. [1] In a proceeding before a referee in bankruptcy, Isaac Davidson, father of the bankrupt, was being ex-

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amined with reference to what he had done with about $18,000 he had received from his son shortly before his bankruptcy. The witness refused absolutely to answer all questions asked him, thus violating Section 41a of the Bankruptcy Act (30 Stat. 544, Comp. St. § 9625) which provides that:

"A person shall not, in proceedings before a referee, * * * refuse to be examined according to law."

The referee found the witness in contempt and pursuant to Section 41b of the act (which prescribes the procedure for violations of the provisions of Section 41a) certified his finding to the district judge. At the hearing on the certificate the witness showed contrition. His counsel represented that, if given another opportunity, he would answer all questions asked him. Thinking that an admonition was all that was necessary, the learned judge permitted the witness to remain at liberty under an order, however, that he reappear before the referee on a day named "and answer fully all questions that may be propounded to him." At the second hearing, the witness, instead of purging himself of contempt, persisted in his previous course. He was perhaps less defiant than before but quite as positive in his refusal to answer questions. He endeavored to excuse his refusal by demanding the books of the bankrupt for three or four days for the purpose of refreshing his memory. The books had been impounded. The referee, being acquainted with the affairs of the bankrupt, deemed it unwise to release the books from custody but offered them to the witness for inspection. In number and size they were such as would admit of full examination in a few minutes. The witness did not accept the offer but remained steadfast in his refusal to answer questions. Again the referee found the witness in contempt and certified his finding together with the testimony to the district judge. At the hearing on the second certificate the learned judge, regarding the conduct of the witness as openly defiant of his order, adjudged him guilty of contempt and sentenced him to imprisonment for a term of three months. The witness sued out this writ of error. Maintaining that the sentence is criminal, he challenges its validity on the ground that the proceedings were for civil contempt, not for criminal; that the punishment was remedial, not punitive; and that the sentence was imposed for the profit of the trustee of the bankrupt estate, a private party, not to vindicate the authority of the court. To sustain these contentions the plaintiff in error (to whom we shall continue to refer as the witness) cites and relies upon Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, wherein the Supreme Court distinguished civil and criminal contempts mainly by the character and purpose of the punishment imposed. 221 U. S. 418, 441, 442, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. He also cites and relies upon In re Kahn, 204 Fed. 581, 123 C. C. A. 107, in which the Circuit Court of Appeals for the Second Circuit followed the law of the Gompers case and extended it to bankruptcy proceedings.

This court also has had occasion to apply the law of the Gompers case to proceedings in bankruptcy. This it has done with opposite re-

sults in the Matter of Kaplan Bros., 213 Fed. 753, 130 C. C. A. 267, certiorari denied, see Kaplan v. Leech, Trustee, 234 U. S. 765, 34 Sup. Ct. 998, 58 L. Ed. 1582; Biderman v. Cooper (C. C. A.) 273 Fed. 683. In the latter case the contempt proceedings were instituted by a trustee in bankruptcy for the benefit of the bankrupt estate and the matter brought before the district judge was not "any of the things forbidden by this section," that is, by Section 41a of the Bankruptcy Act, and was not brought before him on certificate of the referee as provided by Section 41b of the act. There we held the contempt proceedings civil and punishment criminal and, in consequence, unlawful.

In the instant case, however, the matter complained of, namely, the refusal of the witness to be examined according to law, was distinctly one of the things forbidden by the section. The matter was officially brought before the district judge by the referee on certificate as provided by the section. This was done, not as in the Biderman case upon the motion of a party, but so far as the record discloses, upon the referee's own motion; and thereafter the district judge acted upon his own initiative in entering the rule to show cause why the witness should not be punished for contempt. Nowhere was there a prayer for civil relief. The mere entitling of the papers in the bankruptcy proceeding cannot be decisive. In re Kaplan Bros., 213 Fed. 753, 757, 130 C. C. A. 267. Nor does it appear that the second certificate was made for the purpose of coercing the plaintiff in error to do something. Rather it appears to have been made for the purpose of punishing him for his refusal to do the thing which the judge had previously commanded him to do. While there may conceivably be a question whether the hearing before the district judge on the first certificate for contempt was civil or criminal, obviously the hearing on the second certificate concerned only the contumacious conduct of the witness in violating the order which the judge had made at the hearing on the first certificate. The punishment imposed was not conditioned upon the doing of any act and was, therefore, neither coercive nor remedial. It was imposed, we gather from the proceedings as well as from the judge's opinion, solely to vindicate the authority of the court and was therefore punitive and falls within the distinction between punishment for civil and criminal contempts laid down in the Gompers case. In re Kaplan Bros., 213 Fed. 753, 756, 130 C. C. A. 267. The proceedings, being for contempt of the judge's order as though committed in his presence (Section 41b), were criminal in nature and therefore the criminal punishment imposed was lawful—if the facts justify the sentence.

[2] The remaining objection is that the facts do not justify the conclusions of the referee and the district judge. On this objection the witness has argued the case in this court as though it were his right to have it heard de novo. In this he was wrong. In cases of contempt some appellate courts have held that findings of fact by the trial court have the force and effect of findings of fact by a jury. Bessette v. W. B. Conkey Co., 194 U. S. 324, 338, 24 Sup. Ct. 665, 671, 48 L. Ed. 997; Binkley v. United States (C. C. A.) 282 Fed. 244, 246. The facts here were heard and tried by the referee and the district judge. This court has repeatedly held that findings of a referee in bankruptcy proceed-

ings, based on conflicting evidence, and affirmed by the district judge, will not be disturbed on appeal unless it is demonstrated that a plain mistake has been made. Epstein v. Steinfeld, 210 Fed. 236, 127 C. C. A. 54; In re Kaplan Bros., 213 Fed. 753, 757, 130 C. C. A. 267; In re Thompson (C. C. A.) 284 Fed. 65, 67, 68. This is equally true of findings in contempt proceedings arising out of proceedings in bankruptcy. In formulating this rule we yield to the conclusions of two competent and impartial judicial officers, each of whom has enjoyed the opportunity of seeing and hearing the witnesses. In re Schulman, 177 Fed. 191, 192, 193, 101 C. C. A. 361. On review therefore this case is narrowed to the questions (1) whether there is substantial evidence to support the finding of fact, and (2) whether in law the sentence imposed is of a character justified by the finding. After a careful reading of the short record, we are clearly of opinion that the evidence is sufficient and that the sentence imposed is lawful.

The order of the court is affirmed.