In re BOGEN.

District Court, E. D. South Carolina. June 17, 1927.

1. Bankruptcy ⬅242(1)—Witnesses being examined before referee are without right to be represented by counsel (Bankruptcy Act, § 21a [Comp. St. § 9605]).

The object of examination of witnesses before a referee under Bankruptcy Act, § 21a (Comp. St. § 9605) is discovery. The proceeding can create no issue, and no witness, except bankrupt, during his own examination as a witness, has a right to have counsel represent him to cross-examine or make objections.

2. Bankruptcy ⬅242(2)—On examination of witnesses, referee may, if question might incriminate witness, advise him of his constitutional rights or permit him to consult counsel (Bankruptcy Act, § 21a [Comp. St. § 9605]).

On examination of bankrupt and other witnesses before referee under Bankruptcy Act, § 21a (Comp. St. § 9605), if a question is asked which may tend to incriminate a witness, the referee will advise him of his constitutional rights, and may in his discretion permit him to consult with counsel in plain cases calling for such exercise of discretion.

3. Bankruptcy ⬅242(2)—Adverse claimant of property may be required to testify before referee, under Bankruptcy Act, § 21a (Comp. St. § 9605).

On examination of witnesses before referee, under Bankruptcy Act, § 21a (Comp. St. § 9605), witnesses are not bound by any action to be taken in consequence of the proceeding, and wide latitude should be permitted in the examination. That a witness is an adverse claimant of property does not excuse him from answering any competent and proper question which may tend to show that the property is in reality property of bankrupt.

In Bankruptcy. In the matter of B. Bogen, bankrupt. On petition of trustee for review of rulings of referee. Rulings reversed.

A. W. Holman, of Columbia, S. C., for petitioner.

Adam H. Moss, of Orangeburg, S. C., and R. C. Hardwick, of Denmark, S. C., for bankrupt and M. Sutker.

ERNEST F. COCHRAN, District Judge. The trustee made an application before the referee to examine the bankrupt and certain witnesses under section 21a of the Bankruptcy Act (Comp. Stat. § 9605). During the

course of the examination of the bankrupt and some of the witnesses, the referee made certain rulings, and the trustee has filed a petition to review the same.

The referee in substance held that the scope of the inquiry could not be extended into the stock of goods and other property claimed by one M. Sutker, inasmuch as the referee and this court had held that Sutker had an adverse claim and could be proceeded against only by plenary suit. He also held that the bankrupt was entitled to be present and appear by counsel, and examine and cross-examine the witnesses, and make objections. The effect of his rulings also is that Sutker, the witness, had similar rights of counsel and objections to the course of the proceedings, etc. I think the referee entirely misconceived the effect of his previous order and the order of this court, and also the nature of the proceedings under consideration. There was nothing in the previous order of the court or of the referee to prevent the inquiries in question here. The court simply held that Sutker had an adverse claim, and that a summary proceeding could not be instituted for a recovery of the property or its value, but the same must be by plenary suit. There is nothing whatever in this ruling which precludes the trustee or any creditor from pursuing the remedy provided for in section 21a.

In order to make my ruling clearer, I will advert briefly to the nature of the proceedings. The proceedings here involved do not create any issue between Sutker and the trustee, or any other person. The object of these proceedings is discovery. There is no issue, and there is no order that can be made upon the completion of these proceedings to compel Sutker, the bankrupt, or any other person to turn over any property.

Nor is it an examination of the bankrupt at a meeting of the creditors, as provided in section 7 of the Bankruptcy Act (section 9591, Comp. Stat.). There is a clear distinction between proceedings at a meeting of creditors and the examination of the bankrupt or of witnesses under section 21a. See In re Emigh (D. C.) 243 F. 988, where the subject is fully discussed. The object of section 21a is to enable the trustee or the bankrupt or any creditor to discover any assets of the estate which may be hidden or not disclosed. If strangers, who, because of some supposed ulterior interest, can appear, have counsel, examine, cross-examine, and make objections, as was permitted by the referee here, there would be such embarrassment in the administration of bankrupt estates as practically to nullify the law, where a bankrupt is dishonest or trying to conceal his assets, and unfortunately, as the records of the courts disclose, such cases are far too numerous.

Nor has the bankrupt any right to appear either personally or by counsel in the proceedings, so far as the examination of other witnesses is concerned, under this particular section. The only person who has any right is the person who made the application, in this case the trustee, or such creditor as may come in and be allowed by the referee to be made a party to the application for the examination of such witnesses. There are cases which appear to hold that even the bankrupt himself, when examined under this section, stands as an ordinary witness and is no more entitled to counsel than any other witness. But I am doubtful whether the law intends to go that far. I think that the bankrupt himself, when he is personally under examination, under this particular section, to wit, section 21a, would have the right to have his counsel present and to make such objections as he may be advised for the protection of the bankrupt's rights and to examine the bankrupt in reply. But this right is strictly confined, when the proceedings are under this section, to the bankrupt himself, and to his own testimony, and does not give the bankrupt any right to appear by counsel, or examine or object in any form when any other witness is being examined.

Of course, the referee will, as every court does, when it appears that any question is asked and the answer might tend to incriminate the witness, whether a bankrupt or any other person, advise the witness of his constitutional rights, and may in his discretion permit the bankrupt or such witness to consult with his attorney before answering or declining to answer such question. But this right of consultation with an attorney should be granted very cautiously and sparingly; otherwise, the administration of justice would be unduly hampered, especially in bankruptcy proceedings and cases of this sort.

I hold, therefore:

1. That the proceedings in question were brought by the trustee under section 21a of the Bankruptcy Act for the discovery of assets.

2. That, inasmuch as the trustee is the person who made the application, he and his attorneys are the only persons who have any right to appear and conduct the examination of the various witnesses, unless some creditor or other officer should make a motion and be allowed by the referee to become a party to the application for the examination of such witnesses.

3. That, when the bankrupt himself is being examined under this particular section, he has the right to have his attorney present to represent him, and to object to any questions that may be deemed incompetent, and to examine him further, to elucidate or explain any matters which are the subject of inquiry.

4. That the bankrupt has no right either in person or by attorney to appear when any other witnesses are being examined under this section than himself, or to examine or cross-examine such witnesses, or to object to any testimony of such witnesses, or to object to the course of proceedings in any way, when such witnesses are being examined.

[1] 5. That when a witness is subpœnaed and is being examined under section 21a of the Bankruptcy Act, such witness is a stranger to the proceedings, not bound by any action to be taken in consequence of such proceedings, and has no right to have counsel represent him, to examine him or any other witness, or to object to the examination of the bankrupt, of himself, or of any other witness, or to the testimony of the bankrupt, of himself, or any other witness, or to object in any way to the course of proceedings therein.

[2] 6. That, when the bankrupt or any witness is being examined, the referee will, whenever any question is asked the answer to which might tend to incriminate the bankrupt or such witness, advise the bankrupt or such witness of his constitutional rights, and may in his discretion permit the bankrupt or such witness to consult with counsel; but this right of consultation with counsel should be granted with great caution, and very sparingly, and only in plain cases calling for such exercise of discretion.

[3] 7. That in proceedings under section 21a, a wide latitude should be permitted, and the bankrupt and witnesses required to answer all questions which would tend in any manner to disclose any assets belonging to the bankrupt subject to the constitutional privilege against self-incrimination, and that any questions tending to show that any property now claimed or held by M. Sutker is in reality the property of the bankrupt, or should be returned to the bankrupt estate, or has been acquired from the bankrupt, directly or indirectly, or any competent evidence to that effect, should be admitted in the proceedings.

The several rulings, therefore, made by the referee which have been excepted to, are hereby reversed, and the referee directed to permit the trustee to proceed with the examination of the bankrupt and of the several witnesses mentioned, or any other witnesses, and the introduction of any competent testimony, in accordance with the views hereinabove expressed.