## In re DAVOLI.

District Court, W. D. Pennsylvania. May 21, 1928.

No. 13743.

A. H. Kaufman, of Pittsburgh, Pa., for trustee.

F. R. S. Kaplan and Isadore M. Goldsmith, both of Pittsburgh, Pa., for respondent.

SCHOONMAKER, District Judge. This is a contempt proceeding under section 41 of the Bankruptcy Act (11 USCA § 69). It originally came into court on the petition filed by the trustee in bankruptcy, alleging that the examination of the bankrupt was not in accordance with the law, as provided by section 41a, subd. 4, of the Bankruptcy Act (11 USCA § 69 (a) (4). As to this part of the proceeding, we are of the opinion that the case was not properly originated by the petition of the trustee. Under section 41b of the act (11 USCA § 69 (b). These matters come before the court on certificate of the referee. However, the referee has filed a certificate under date of March 26, 1928, and on the filing of this certificate another rule was issued on the bankrupt to show cause why he should not be adjudged in contempt. To this the bankrupt has answered, averring that the proceedings were not in conformity with section 41b of the Bankruptcy Act, so far as they were originated on the petition of the trustee in bankruptcy, and that, so far as concerns the certificate filed by the referee, there are no findings of fact that the bankrupt was guilty of any contempt before the referee.

We may say that, so far as concerns the proceedings originated simply on the petition of the trustee they are irregular, and no action may be taken thereon; but, in view of the fact that the referee filed a certificate under section 41b, we must proceed to consider the sufficiency of that certificate.

The referee finds "that said bankrupt, in reply to some questions, answered that he did not know, or did not remember, when it is so highly probable that he did know, or did remember, that I find that his answers are equivalent to a refusal to be examined according to law." We are of the opinion that this finding is not a sufficient finding

of contumacious conduct. We have examined the testimony taken before the referee, and can see the possibility from that testimony of finding that the bankrupt purchased property which he has not accounted for, which might be made the subject of an order to turn over. But that is not the finding of the referee. He merely finds that, in answering questions as to sale or disposition of property bought shortly before bankruptcy, "I do not know," or "I do not remember," —it is highly probable that the bankrupt does know, and does remember. It may be that the state of the record is such that the referee could find that the bankrupt swore falsely in his testimony, is concealing property, and that therefore his conduct is contumacious. But there is no such finding in the certificate of the referee.

■ The power of the court to punish summarily for contempt for the misbehavior of the bankrupt in giving testimony and in giving false testimony is undeniable. In re Fellerman (D. C.) 149 F. 244; In re Bick (C. C.) 155 F. 908; In re Singer (D. C.) 174 F. 208; In re Schulman (D. C.) 167 F. 237; In re Gordon (D. C.) 167 F. 239; In re Gitkin (D. C.) 164 F. 71; In re Bronstein (D. C.) 182 F. 349; In re Shear (D. C.) 188 F. 677. But, in the instant case, there has been no distinct finding by the referee that the bankrupt willfully and deliberately swore falsely, or denies falsely the matters about which he was interrogated. On the record, as it now stands, we are unable to adjudge the bankrupt in contempt in refusing to be examined.

The rule to show cause will be discharged. We return the record to the referee, and suggest that the bankrupt be called again for further examination touching the matters recently inquired about, and that after such further examination the referee determine whether the bankrupt is concealing property, and whether or not he is giving false testimony. If the referee then finds the bankrupt guilty of contumacious conduct, a distinct finding of the facts may be submitted to the court, under the provisions of section 41b of the Bankruptcy Act.