In re McINTOSH.

McINTOSH v. UNITED STATES.

No. 7576.

Circuit Court of Appeals, Ninth Circuit.

Nov. 26, 1934.

William H. Neblett and Frank G. Swain, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Robert Winfield Daniels, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The appellant, a bankrupt, was convicted of contempt of court and sentenced to ten days in the Orange county jail. He appeals from this judgment. The trustee in bankruptcy filed a petition with the referee in bankruptcy alleging that on November 24, 1933, the appellant was under examination before the referee in bankruptcy; that the hearing was continued to December 11, 1933, at 10 o'clock; that the bankrupt was instructed to return on December 11, 1933, and that he failed to do so; that on October 9, 1933, a similar order was made under similar circumstances requiring the bankrupt to appear October 27, 1933, and that he did not do so. Certain additional allegations were made by the petitioner with relation to the bankrupt's wife which need not be considered in view of the final disposition of the case by the District Court holding that such matters were immaterial. Petitioner prayed for an order of the referee directing the bankrupt to show cause why a certificate should not be made by the referee to the District Judge citing said bankrupt for contempt. Thereupon James L. Irwin, referee in bankruptcy, ordered the appellant to show cause before Earl E. Moss, referee in bankruptcy, on December 26, 1933 "why a certificate should not be made by [to] the District Judge certifying him for contempt." In response to the order the appellant appeared before the referee in bankruptcy as directed in the order to show cause. After the hearing the referee made his "findings of fact and conclusions of law," "In re Contempt," dated January 24, 1934, finding among other things that the bankrupt, after being duly ordered to appear on December 11, 1933, and on October 27, 1933, failed to do so, and that "no explanation has been offered at all as to the failure of said bankrupt to appear." As conclusions the referee "does hereby certify said bankrupt to the Honorable District Judge for contempt" and recommended "that he be confined in jail for such length of time as will demonstrate that he is not superior to the United States District Court. * * *" Exceptions thereto were filed by the appellant February 2, 1934, and thereafter, on February 14th, a petition to the District Court was filed by the trustee in bankruptcy reciting that the referee in bankruptcy "has certified the bankrupt herein to this court for contempt for refusal on the part of the bankrupt to obey a certain lawful order of the referee to appear for examination" by a certificate dated January 24, 1934, on file with the District Court, and praying that an order issue punishing the bankrupt for contempt. An order to show cause was issued on this petition returnable February 19, 1934. The appellant appeared and upon demurrer contended that the contempt was a criminal contempt and objected to further proceedings upon that ground. The court concluded, properly, that the alleged offense was a criminal contempt and directed that the further hearing in the matter be under the direction of the United States attorney as the representative of the government, and fixed April 16, 1934, for that hearing. The matter was continued to April 30, 1934, when, the appellant being present and represented by counsel, and an assistant United States attorney representing the government, further proceedings were had in the matter.

Without reciting in detail the various steps in the hearing, it is sufficient to say that the court held that no further testimony was required on the part of the government than the certificate or "findings of fact and conclusions of law" "In re Contempt" of the referee referred to above, that the government was not required to offer any other evidence of guilt, and that the appellant could not offer evidence of innocence, but that he could testify to such facts which would tend to mitigate the punishment. In pursuance of this ruling, the appellant testified that he had not been ordered to appear on December 11th, and that on December 11th he was actually in the District Court of the United States in connection with the hearing of matters involved in this same bankruptcy proceeding, and that on October 25th (probably intending October 27th) he was in the municipal court of the city of Los Angeles for a hearing upon a charge of violating an ordinance of the city. The court held that the certificate of the referee was conclusive upon the question of appellant's guilt, stating, "Under my ruling that I distinctly made, Mr. McIntosh was permitted to show anything to ameliorate or soften, to justify—not to justify, but to modify any possible punishment that the court might visit upon him." The rulings of the court throughout were challenged by appropriate objec-

tions and exceptions. The court was in error in its ruling with relation to the effect of the "certificate" of the referee. At most its function in the case of criminal contempt was to constitute the pleading which the appellant was called upon to answer. This he did by a plea of not guilty. Upon this issue so made the burden of establishing his guilt beyond a reasonable doubt lay with the prosecution. Michaelson v. U. S., 266 U. S. 42, 66, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451; Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Coffin v. U. S., 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481; Jones v. U. S. (C. C. A.) 209 F. 585, 587; Blim v. U. S. (C. C. A.) 68 F.(2d) 484. See also Wakefield v. Housel (C. C. A.) 288 F. 712, 717. As the government offered no evidence of guilt, the order adjudging the appellant guilty of contempt must be reversed.

Reversed.