**In re ESKAY.**

District Court, D. New Jersey.
April 8, 1941.

222

Bilder, Bilder & Kaufman, and Walter J. Bilder, all of Newark, N. J., for the Court.

Krause, Hirsch & Levin, of New York City, for Henry H. Eskay.

WALKER, District Judge.

Henry H. Eskay appeared before the Referee in the Matter of Winton Shirt Corporation, bankrupt.[1] After taking the oath he refused to be examined according to law.[2] This is the charge and when it was brought to the attention of the court by certificate[3], counsel was appointed to prosecute said alleged contempt for and on behalf of the court.[4]

■ The first inquiry is whether the contempt, if any, is civil or criminal. Edward E. Bessette v. W. B. Conkey Co.,[5] tells us: Contempts are neither wholly civil nor altogether criminal, and "it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both."

However, this alleged contempt can be isolated and identified by remembering the reason why Henry H. Eskay became an employee of Winton Shirt Corporation. He was so placed by Philip Windsberg to secure a certain creditor or certain creditors. The fact that he initialed the checks issued, after he associated himself with the corporation, excludes every reasonable hypothesis but that of a systematic attempt to control the corporation and its disbursements. Even though eventual rehabilitation of said corporation may have been one of the purposes, the first and primary was protection. After the appointment of the trustee, Henry H. Eskay apparently deemed it inadvisable to make a complete disclosure. His conduct in this light can be understood. It was undoubtedly conceived and adhered to in order to obstruct the court in the performance of its duty. In other words, Henry H. Eskay, when faced with the problem of remaining loyal to his sponsors or making disclosures, violated the accepted standards of right conduct which carried the project forward within dangerous proximity to the criminal end to be attained. •

■■ The hearings were held to enable the trustee in bankruptcy to discover the whereabouts of the bankrupt's property, to establish claims against and the liabilities of certain persons. Henry H. Eskay, by reason of his position in the corporation and his experience in general, knew or should have known many things of material value. His reliance upon a defective memory and his manifest deliberate determination to conceal[6], interfered with the court's jurisdiction, just as effectively as if he had refused to answer[7]. Where the obstruction to judicial power is only that inherent in the wrong of testifying falsely, it is not enough[8]. For offenses of that order, the remedy by indictment is appropriate and adequate.[9] But here it prevented the court from proceeding in one or more directions

[1] Hearings on May 6, 10, 16, and 24, 1938.

[2] 11 U.S.C.A. § .69, sub. a(4).

[3] Dated June 9, 1938, filed June 9, 1938.

[4] Order dated June 17, 1938, filed June 17, 1938.

[5] 194 U.S. 324, 329, 24 S.Ct. 665, 667, 48 L.Ed. 997. See, also, Gompers v. Buck's Stove Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A., N.S., 874.

[6] In the opinion of the Court, this finding is supported beyond a reasonable doubt by the relevant evidence which includes the testimony of Henry H. Eskay at the Hearings on May 6, 10, 16 and 24, 1938.

[7] In re Gitkin, D.C.E.D.Pa., 164 F. 71; In re Magen et al., D.C.E.D.Pa., 179 F. 572, reversed, 3 Cir., 186 F. 675; Davidson v. Wilson et al., 3 Cir., 286 F. 108; In re Davoli, D.C.W.D.Pa., 28 F.2d 87; In re Schulman et al., 2 Cir., 177 F. 191; In re Rosenblum, D.C.W.D.Mo., 268 F. 381; In re Shear, D.C.W.D.N.Y., 188 F. 677; In re Kaplan Bros., 3 Cir., 213 F. 753, certiorari denied 234 U.S. 765, 34 S. Ct. 998, 58 L.Ed. 1582. See, also, Ex parte Hudgings, 249 U.S. 378, 39 S.Ct. 337, 63 L.Ed. 656, 11 A.L.R. 333.

[8] Ex parte Hudgings, supra.

[9] Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993.

for the purpose of increasing the estate for the benefit of creditors and has all the special elements of contumacy to make it a criminal contempt.

■ The proceedings are on the Referee's certificate not on a petition by the trustee. The papers are entitled as above, and they put the alleged contemner on notice that he is on the one side with the court on the other. The Statute provides for prosecution by the Judge sua sponte, and it does not necessarily follow he must call upon the District Attorney, when, as here, it seems advisable to have some person familiar with the matter present same. Gompers v. Buck's Stove & Range Co., supra, does not make crucial any one detail, but rather sums up the features which distinguish civil from criminal contempt.

It is believed that the Third Circuit is not a proponent of the rule that prosecution by the District Attorney is sine qua non to a criminal contempt[10] and although the Second Circuit Court adopted same[11], it subsequently defined its holding to mean that prosecution by the Judge sua sponte or by the District Attorney is an important factor in deciding the issue.[12]

■■ It has been argued that before a person can be committed for contempt for refusing to be examined, he should be first admonished and given an opportunity to purge himself, after which a specific question should be asked and a specific answer required;[13] that the record herein shows only three occasions when the Referee directed Henry H. Eskay to answer a question and a fourth, when he was told to tell the truth and therefor the requirements have not been met. When a witness takes the stand in any court he is under an unmistakable legal duty to testify truthfully to what he knows. This legal duty does not and should not need special admonition to make it clear or inescapable.

■ In a matter such as this the summary hearing[14] may consist of the presentation of the Referee's certificate and the pertinent testimony on the return day of the order to show cause, together with an argument on the facts and the law. The necessities require that the testimony be examined in order to ascertain whether in point of fact there has been a refusal to be examined according to law[15]. It may be the only proof offered, because the accused cannot be compelled to testify against himself.[16] The Act in calling for a summary hearing, protects the constitutional rights of the accused and gives him an opportunity to be heard. If it could be successfully contended that more than the aforesaid is necessary, when in fact, the aforesaid is about all that can be done in many instances, the provisions of Section 41 of the Bankruptcy Act could and very often would be rendered ineffective.

■ Generally, findings of fact in contempt proceedings are not to be lightly disturbed.[17] However, the Court has purposely refrained from relying upon this rule for reasons which hereafter appear. It has reached an independent judgment of the guilt of the accused beyond a reasonable doubt[18], and this is specifically stated because it is said the Referee was not present during all of the hearings in question.

■ The Court recognizes that it is impossible to have a duly constituted court if the judicial officer is absent.[19] But it is confronted with a problem: How should the absence be brought to its attention? Mere reference thereto in the briefs is not enough, and the only note in the record is: "At this point the Referee arrived".[20]

---

[10] In re Star Spring Bed Co., 3 Cir., 203 F. 640; In re Kaplan Bros., supra.

[11] In re Kahn, 2 Cir., 204 F. 581.

[12] In re Guzzardi, 2 Cir., 74 F.2d 671.

[13] In re Blitz, D.C.E.D.Pa., 232 F. 276. This case was decided in 1916. It does not give authorities in support of the proposition taken therefrom, and Shepard's Federal Reporter Citations down to and including February, 1941, indicate it has never been cited.

[14] The summary hearing is required by 11 U.S.C.A. § 69.

[15] In re Kaplan Bros., supra.

[16] In re Gompers v. Buck's Stove & Range Co., supra.

[17] Davidson v. Wilson, 3 Cir., 286 F. 108.

[18] Gompers v. Buck's Stove & Range Co., supra; In re McIntosh, 9 Cir., 73 F. 2d 908.

[19] Stevens v. Young, 180 Ky. 154, 202 S.W. 481. See, also, Arnold and James, Cases on Trials, Judgments and Appeals; 23 Corpus Juris Secundum, Criminal Law § 972 and § 1434; 12 Harvard Law Review, page 433; People v. Bolton, 324 Ill. 322, 155 N.E. 310.

[20] Page 51, Hearing May 10, 1938.

The record does not show an objection to the absence of the Referee at any time. An objection to proceeding when the Referee was absent should have been entered because the court is entitled to know when he absented himself and when he returned, in order to pass upon the question of prejudice.[21] Henry Eskay, by failing to enter an objection and by continuing to testify even though the Referee may have been absent, waives[22] that which would ordinarily be fatal.

Henry H. Eskay is directed to appear before this Court on Tuesday, April 15th, 1941, at 10 o'clock in the forenoon, at which time sentence will be imposed.

---

[21] See: Holbrook v. Commonwealth, 249 Ky. 795, 61 S.W.2d 644; People v. Rudorf, 149 Ill.App. 215; Sheppard v. State, 167 Ga. 326, 145 S.E. 654; Bryant v. Commonwealth, 231 Ky. 152, 21 S. W.2d 231; 24 Corpus Juris Secundum, Criminal Law § 1673.

[22] The question of waiver was referred to but not decided in Kampf v. State, N. J.Ch., 30 A. 318. See, also, O'Keefe v. Moore, 60 N.J.L. 138, 37 A. 453.