In the Matter of Herbert Lee TIMMERMAN, Jr., Bankrupt.

James J. DONOHUE, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 13609.

United States Court of Appeals Seventh Circuit.

May 11, 1962.

2. 33 C.F.R. 209.130(f) (2) (i).
3. 33 C.F.R. 209.130(1) (2); 33 C.F.R. 209.130(f) (2) (vi).

4. 33 C.F.R. 209.130(*l*) (1).

664

Sidney M. Eisenberg and Edwin A. Star, Milwaukee, Wis., for appellant.

Philip L. Padden, Asst. U. S. Atty., James B. Brennan, U. S. Atty., Milwaukee, Wis., for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Defendant, James J. Donohue, has appealed from an order of the district court adjudging him guilty of criminal contempt of court for a violation of § 41 of the Bankruptcy Act, 11 U.S.C.A. § 69, in proceedings before Howard W. Hilgendorf, a referee in bankruptcy, held pursuant to § 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a.

It appears from the record that defendant appeared as a witness before said referee in bankruptcy, in the matter of Herbert Lee Timmerman, Jr., bankrupt, on November 16, 1961. Defendant was interrogated by attorney Martin Gedlen representing the trustee in bankruptcy. Defendant was represented by attorney Paul Runkel.

The questions put to defendant pertained to certain alleged assets of the bankrupt who operated a tavern in premises owned by defendant. Much of the examination dealt with what the trustee's attorney referred to as an inventory made by the bankrupt. Numerous answers of defendant were, according to the referee, not responsive to the questions and resulted in the referee stating that, if defendant did not answer the questions, he would be cited for contempt. The record, as filed in the district court, and the referee's certificate, both show that defendant stood up and faced the referee, pounded his fist on the bench, and answered in a loud voice: "Then cite me for contempt! This is still America and I won't be pushed around by anybody." Thereupon the hearing was adjourned and defendant was cited for contempt.

In his certificate the referee certified that on five separate occasions during the course of such examination he "found it necessary to admonish said James J. Donohue and to direct him to answer certain questions put to him by the examiner, all of which appear in the official transcript hereto attached; * * * [defendant] did at and during the course of such proceeding act and conduct himself in a manner disrespectful to the Court as heretofore related, and did wilfully fail to answer proper questions put to him by an authorized examiner after I had directed him to do so, all of which conduct I deem to be in contempt of Court, and I therefore respectfully request that this certificate be considered for further proceedings herewith."

Upon this certificate of contempt, the district court ordered defendant to show cause why he should not be punished for contempt of court by reason of the facts so certified.

The order to show cause having been duly served on defendant, it appears from the record that he appeared before the district court and, upon the certificate and rule to show cause, defendant being represented by counsel, the court heard the arguments of the respective attorneys, examined the record and official transcript of testimony, entered an order which adjudged defendant guilty of criminal contempt of court, and sentenced him to pay a fine of $100. This appeal followed.

1. It is defendant's contention that the evidence, as shown by the record, of the acts complained of is not adequate and such as to warrant the judge to make a finding of guilty of criminal contempt against him.

It is unnecessary to repeat the recital of defendant's conduct as shown by the

referee's certificate and the record of proceedings. There is present in the record substantial evidence to support the court's finding of contempt. That is sufficient. Haimsohn v. United States, 6 Cir., 2 F. 2d 441; Davidson v. Wilson, 3 Cir., 286 F. 108, 111.

Among the cases cited by plaintiff is In re Eskay, 3 Cir., 122 F.2d 819, which quotes from In re Schulman, 2 Cir., 177 F. 191, which we have found helpful. Schulman, a bankrupt, was adjudged guilty of contempt of court for refusing to answer questions before a referee, who certified the matter to the district court. The court of appeals said, at 192:

"The questions of fact presented by this appeal are peculiarly within the province of the referee and District Judge. * * *"

The court then pointed out:

"* * * The referee, on the contrary, had an opportunity to see and hear the bankrupt and observe his manner while testifying, which is an inestimable advantage in cases of this character. The testimony of a witness may sound plausible when read afterwards from a printed book and yet his conduct on the stand may have been such that no one who heard him testify believed that he was telling the truth. * * *"

The court then pointed out, at 193:

"Disingenuous and evasive as his testimony appears when read, it is obvious that the opportunity to 'watch' the bankrupt gave the referee a very marked advantage in determining whether he was acting honestly. His answer 'I don't remember,' and 'What do you mean?' so often given might in some instances have been the result of a defective memory or an honest inability to understand. An appellate court may be unable to detect, under such conditions, the false from the true, the honest from the fraudulent, but any intelligent person, after observing the witness for hours on the stand could not be deceived as to his purpose.

"The testimony as it appears in the record evinces a deliberate purpose to conceal the truth and prevent the trustee from becoming possessed of facts which would lead to a recovery of the missing property. The witness was being asked regarding transactions directly within his knowledge and facts which he must have known. When, therefore, he answered repeatedly 'I don't remember,' it is obvious that he was deliberately withholding information to which the trustee was entitled. In effect his attitude was one of defiance. He did not affirmatively tell the referee that he refused to disclose the facts which would enable the trustee to follow the property, although these facts were well known to him, but his conduct produced the same result as if he had stated his purpose openly."

The court affirmed the contempt order in that case.

■ What was said by the court in Schulman indicates that it is the law that the district court in adjudicating upon a charge of criminal contempt has a right to take into consideration the effect which the witness's conduct had upon the referee before whom the testimony was received.

2. Contending that there was a refusal to permit defendant to be represented by counsel at the hearing before the referee, defendant now contends that he was deprived of due process of law under the fifth amendment to the United States constitution.

■ The record shows that the referee advised defendant's attorney that during the pending § 21, sub. a proceeding he could confer and assist his client to protect his interest, but not to hinder the proper objectives of the examination. The object of such a proceeding is to en-

able the trustee or any creditor to discover assets of the estate.

The examination of defendant as a witness was for the purpose of eliciting information relevant in the administration of the bankruptcy estate. No adverse proceeding against defendant was pending or apparently even contemplated.

There is a convenient collection of authorities in In re Emigh, D.C., 243 F. 988, in which the court held, at 991, that, as to matters not involving the merits of the claims of a witness against a bankrupt estate, there was no objection to a full and complete examination of the witness under § 21, sub. a, in the absence of counsel for such witness. To the same effect is In re Bogen, D.C., 19 F.2d 935. In the case at bar, if the examination of defendant had been conducted as an incident of an adverse proceeding against defendant, a different situation might have been presented.

We have considered all of the errors assigned by defendant and we find no error in this record. Therefore, the order from which this appeal has been taken is affirmed.

Order affirmed.

KILEY, Circuit Judge (concurring).

The court's opinion does not answer defendant's argument that the District Court did not "hear the evidence as to the acts complained of" as required by § 41, sub. b, of the Bankruptcy Act.[1] The answer is that the Government rested its case upon the referee's certificate and the transcript of proceedings, before the referee, filed with the court; the record does not show a "plea of not guilty" as there was in In re McIntosh, 9 Cir., 73 F.2d 908, cited by defendant, and defendant made no offer of evidence at the hearing; and on what was before the District Court as recited in its order there was sufficient evidence to sustain the finding of guilt.