## In re SCHULMAN et al.

### (Circuit Court of Appeals, Second Circuit. March 7, 1910.)

### No. 38.

1. BANKRUPTCY (§ 467*)—APPEAL AND ERROR—REVIEW.

    Unless convinced that manifest error has been committed, the Circuit Court of Appeals will not interfere with the administration of a bankrupt's estate by the officers of the bankruptcy court, nor reverse an order adjudging one of the bankrupts in contempt for refusing to answer questions concerning his property and for concealing from his creditors the material facts relating thereto.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 467.*

    Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 229*)—EXAMINATION OF BANKRUPT—REFUSAL TO ANSWER QUESTIONS—CONTEMPT—HEARING.

    Bankr. Act July 1, 1898, c. 541, § 41, subd. "a," cl. 4, 30 Stat. 556 (U. S. Comp. St. 1901, p. 3437), provides that a person, after having taken the

oath, shall not refuse to be examined according to law, and if he does so the referee shall certify the facts to the judge, who shall thereupon in a summary manner, hear the evidence, and if it warrants him, punish the person as for a contempt committed before the court of bankruptcy. *Held,* that such section does not contemplate a hearing of contempt proceedings before a referee, but before the judge of the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 229.*]

3. BANKRUPTCY (§ 241*)—EXAMINATION OF BANKRUPT—CONCEALMENT—CONTEMPT.

Where a bankrupt, after being sworn before the referee, in an examination concerning his property, by answers of "I don't remember," and "What do you mean?" etc., evinced a deliberate purpose to conceal the truth and prevent the trustee from learning the facts which would lead to a recovery of the missing property, the referee was not bound to continue the examination, but was justified in instituting contempt proceedings against the bankrupt prior to the conclusion of his testimony, and before he had been cross-examined.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 241.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy proceedings of Samuel Schulman and others. On petition of Samuel Schulman to review an order of the District Court adjudging him in contempt of court for refusing to answer questions concerning his property and for concealing from his creditors all material facts relating thereto; the bankrupt's testimony having been certified to the court by the referee. Affirmed.

The opinion below is reported in 167 Fed. 237. See, also, 164 Fed. 440.

Morris Myers, for appellant.

James, Schell & Elkus (Abram I. Elkus, James N. Rosenberg, and Robert P. Levis, of counsel), for trustee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The questions of fact presented by this appeal are peculiarly within the province of the referee and District Judge. The law cannot be promptly and efficiently administered if the collection and division of the bankrupt's property is to be suspended and delayed pending appeals from the orders of the court and referee having in view the discovery of the bankrupt's property and the prevention of its fraudulent concealment and conversion. Unless convinced that manifest error has been committed, this court should refrain from meddling with the administration of the estate which can safely be intrusted to the officers of the bankruptcy court who are familiar with the local environment and the character and conduct of the parties.

In the case at bar we know nothing of the bankrupt, Schulman, except as he is portrayed in the printed record. The referee, on the contrary, had an opportunity to see and hear the bankrupt and observe his manner while testifying, which is an inestimable advantage in cases of this character. The testimony of a witness may sound plausible when read afterwards from a printed book and yet his conduct on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stand may have been such that no one who heard him testify believed that he was telling the truth. The referee certifies that after having taken the oath the bankrupt refused to be examined according to law and deliberately withheld facts within his knowledge as to the disposition of the property of the bankrupt's firm. Again, he certifies that the bankrupt withheld from the trustee and the court, with the deliberate intention of concealing his condition, the true facts relating to the conduct of his business, his dealings with his creditors and the amount and whereabouts of his property. The referee says:

"The manner of the bankrupt, his recollection when he desired to exercise it convinced me as I watched him that where he desired to give the facts he could do so.",

Disingenuous and evasive as his testimony appears when read, it is obvious that the opportunity to "watch" the bankrupt gave the referee a very marked advantage in determining whether he was acting honestly. His answers "I don't remember," and "What do you mean?" so often given might in some instances have been the result of a defective memory or an honest inability to understand. An appellate court may be unable to detect, under such conditions, the false from the true, the honest from the fraudulent, but any intelligent person, after observing the witness for hours on the stand could not be deceived as to his purpose.

The testimony as it appears in the record evinces a deliberate purpose to conceal the truth and prevent the trustee from becoming possessed of facts which would lead to a recovery of the missing property. The witness was being asked regarding transactions directly within his knowledge and facts which he must have known. When, therefore, he answered repeatedly "I don't remember," it is obvious that he was deliberately withholding information to which the trustee was entitled. In effect his attitude was one of defiance. He did not affirmatively tell the referee that he refused to disclose the facts which would enable the trustee to follow the property, although these facts were well known to him, but his conduct produced the same result as if he had stated his purpose openly.

Section 41, subd. 4, of the act (Act July 1, 1898, c. 541, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437]) provides that:

"A person shall not * * * after having taken the oath, refuse to be examined according to law."

The section further provides that the referee shall certify the facts to the judge and the judges shall thereupon, in a summary manner, hear the evidence and, if it warrants him in so doing, punish such person as for a contempt committed before the court of bankruptcy. The section does not contemplate a hearing of the contempt proceedings before the referee but before the judge and there is no pretense that the bankrupt was not given the fullest opportunity to be heard upon the motion.

Criticism is made because these proceedings were commenced before the bankrupt's examination was concluded and before he was "cross-examined." When it is remembered that this is a proceeding

177 F.—13

to punish the witness for contempt for refusing to be examined according to law, it will be seen that this complaint is not well founded. When the examination was concluded on January 7th, the offense had then been finally and irrevocably committed and the trustee was justified in presenting it to the court. He was not required to continue an examination which was absolutely abortive. It will hardly be pretended that a witness who, during his direct examination, makes an assault upon the presiding judge, cannot be punished for contempt until his cross-examination is concluded. In other words, if the acts complained of amount to a contempt they can be punished immediately, if they do not amount to a contempt they cannot be punished at all.

It is unnecessary to pursue the subject farther. Under section 7 of the act it was Schulman's duty to "submit to an examination concerning the conduct of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind and whereabouts of his property." He was lawfully summoned to testify and was interrogated as to all of these subjects. He refused to give the information which he possessed and sought to evade his duty by pretended ignorance, deceit, and falsehood.

We think the action of the District Court was fully justified by the facts and that the order should be affirmed.