## UNITED STATES v. APPEL.

### (District Court, S. D. New York.   June, 1913.)

1. CONTEMPT (§ 3*)—WHAT CONSTITUTES—PERSISTENT PERJURY.

A court has power to punish, as a criminal contempt, persistent perjury which blocks the inquiry before it, upon motion made by the district attorney on behalf of the United States.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 4; Dec. Dig. § 3.*]

2. WITNESSES (§ 21*)—CONTEMPT—REFUSAL TO TESTIFY.

Where a witness' conduct shows beyond doubt that he is refusing to tell what he knows, or that his testimony is mere transparent sham, he is guilty of contempt.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 37–41; Dec. Dig. § 21.*]

3. WITNESSES (§ 21*)—CONTEMPT—EXAMINATION.

Accused withdrew $537.50 on May 14th and $415.06 on the 12th. Being examined on the 19th, he was unable to state what he had done with any part of the money except that he applied part of it to payment of a pay roll, which did not amount to more than $120. He testified that he had played poker during the past week once and had lost a few hundred dollars. When pressed, he was unable to remember whether it was $100 or $500. On being questioned as to his withdrawal of $200 on May 10th, he said that he had spent it but did not remember how, except that perhaps he had played cards with that too. Again his attention was called to a withdrawal of $485 on the 8th, $698 on the 26th, $865 on the 21st, and the proceeds of two notes amounting to $900, but he could not account for the disposition thereof, except that he played it away at cards, though he did not remember when or where. *Held*, that such testimony was a mere sham and constituted a contempt of court.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 37–41; Dec. Dig. § 21.*]

Application by the United States to punish Louis Appel for criminal contempt.   Granted.

John E. Walker and Stephen Brooks Rosenthal, both of New York City, for the United States.

L. Dorfman, of New York City, for respondent.

HAND, District Judge.   [1] The power of the court to treat as a criminal contempt a persistent perjury which blocks the inquiry is settled by authority in this circuit.   Re Schulman (C. C. A. 2d Cir.) 23 Am. Bankr. Rep. 809, 177 Fed. 191, 101 C. C. A. 361.   It is indeed impossible logically to distinguish between the case of a downright refusal to testify and that of evasion by obvious subterfuge and mere formal compliance.

[2] The rule, I think, ought to be this: If the witness' conduct shows beyond any doubt whatever that he is refusing to tell what he knows, he is in contempt of court.   That conduct is, of course, beyond question when he flatly refuses to answer, but it may appear in other ways.   A court, like any one else who is in earnest, ought not to be put off by transparent sham, and the mere fact that the witness gives some answer cannot be an absolute test.   For instance, it could not be

enough for a witness to say that he did not remember where he had slept the night before, if he was sane and sober, or that he could not tell whether he had been married more than a week. If a court is to have any power at all to compel an answer, it must surely have power to compel an answer which is not given to fob off inquiry. Nevertheless, this power must not be used to punish perjury, and the only proper test is whether on its mere face, and without inquiry collaterally, the testimony is not a bona fide effort to answer the questions at all.

[3] The examination took place on May 19th. On May 14th the respondent drew $537.50, on May 12th $415.06, making in all $940 within a week of the date of the examination. He was unable to state what he had done with any part of this except to state that he paid labor with it, and the pay roll by his testimony amounted to $58 a week, or about $120 for two weeks, which was the time during which the roll was unpaid. There remained, therefore, $800. His explanation of this was that he had played poker during the past week once and had lost a few hundred dollars. When pressed he said it was not $800, but he could not remember whether it was $500, $400, $300, or $100. He was next questioned about a withdrawal on May 10th of $200, and said that he spent it, but how he did not remember; that perhaps he played cards with that too. Again his attention was called to a withdrawal of $485 on May 8th. He says he spent this but how he could not say. Again on March 26th he withdrew $698 and said that this was perhaps for cards. He was asked about a withdrawal on March 21st of $865 and said that he gave half of this to his brother and the rest on food or on cards. Finally his attention was called to the sale of two notes for $500 each on May 7th, which he sold to a strange man whose name he could not remember; that he got for these notes about $900, and that this also he played away at cards. The commissioner who was present at the taking of the testimony has certified that the witness was intelligent and understood the questions; that he was alert and adroit. The commissioner was impressed with the fact that the testimony as to the gambling losses was false and invented on the spur of the moment. The question, therefore, comes down simply to this: Is the story of his gambling losses so obviously and apparently a mere effort to block the examination that a court must in protection to itself hold that it is false and that he was attempting to prevent any effective examination? One cannot, of course, say that such a story is in all circumstances necessarily an absurd explanation, but the inability of the respondent to give the names of any places but one of these where he had lost any such sum as he stated, and his entire vagueness about matters which were so recent, and which must have impressed themselves upon his memory at the time to a greater extent, leaves no doubt in my mind that he was not stating what he knew, and was attempting to prevent any efficient examination. This, coupled with the impression of the commissioner who heard him testify, seems to me to leave me no alternative, if I am to apply the rule at all, but to hold that he was guilty of a contempt under the circumstances. I will therefore commit him for ten days for the contempt already committed. At the end

of that time he may appear before the commissioner, and see whether he can tell a story which is not so obviously a mere sham. At that time the matter may be brought up again for further consideration.