## UNITED STATES v. KARNS.

District Court, N. D. Oklahoma. June 30, 1928.

No. 293.

**1. Contempt ⬅13—Defendant's conduct in offering false and fraudulent instrument in evidence, testifying falsely, and directing witness to so testify, held contempt.**

Conduct of defendant, charged with violating liquor injunction, in offering false and fraudulent instrument in evidence and testifying falsely at hearing, and her directions to witnesses to so testify, is punishable as contempt; for, while perjury may not of itself be punishable as contempt, it is so punishable where attended with other circumstances of obstructive tendency, inherently affecting and impeding administration of justice.

**2. Contempt ⬅30—Basis of power to punish summarily for contempt committed in court's presence is to secure it from obstruction in performing judicial duty.**

Basis of power of federal court to punish summarily for contempt committed in its presence is to secure it from obstruction in performance of its judicial duty.

**3. Contempt ⬅13—That perjury is substantive crime does not prevent it from being punished as contempt.**

Fact that perjury is substantive crime, and as such punishable, does not prevent it from being punished as contempt.

In Equity. Madge Hill Karns was charged with violating an injunction order prohibiting the maintenance of a nuisance where intoxicating liquors were sold. Defendant adjudged to have committed direct contempt of court.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl., and Harry Seaton, Asst. U. S. Atty., of Pryor, Okl.

Frederick Apt, of Iola, Kan., and John T. Harley, of Tulsa, Okl., for defendant.

KENNAMER, District Judge. The defendant, Madge Hill Karns, was charged in this court heretofore for violation of an injunction order prohibiting the maintenance of a public nuisance in a certain building in South Coffeyville, Okl., where the sale of intoxicating liquors was engaged in, in violation of law. She interposed as a defense on the hearing of the proceeding that she had rented the building to A. C. Rush, and offered in evidence a written lease contract, purporting to have been executed by her to Rush, and a money order which she testified had been sent her in payment for rent by Rush from Kansas City, Mo.

It developed subsequently to this hearing that there was no such person as A. C. Rush, but that a party going under the name of Jack Rogers had, at the instance and request of the husband of the defendant, signed the name of A. C. Rush to the lease contract; that Rogers worked for A. W. Karns and Tommie Hill for a consideration of $55 per week in the capacity as bartender in the roadhouse owned by the defendant, Madge Hill Karns, herein. It appears from the testimony that the lease contract and the money order were fraudulent and false, and their execution brought about for the specific purpose of being used as a defense by the parties conducting the illegal business in the building owned by the defendant. Rogers was presented as a witness in defense of this defendant for violation of the injunction order and by her and her confederates, Tommie Hill and A. W. Karns, instructed to testify falsely as to the execution of the lease contract and the existence of A. C. Rush, lessee.

[1, 2] The conduct of the defendant, Madge Hill Karns, in offering these false and fraudulent instruments in evidence, and testifying falsely in the hearing of her contempt proceedings for violation of the injunction order and her directions to the witness Rogers to so testify, is punishable as a contempt. The basis of the power of the federal court to punish summarily for contempt committed in their presence is to secure them from obstruction in the performance of their judicial duty.

Perjury, while it may not of itself be punishable as a contempt apart from its obstructive tendency, yet where it is attended with other circumstances of an obstructive tendency, inherently affecting and impeding the administration of justice, such is punishable as a contempt. Ex parte Hudgins, Petitioner, 249 U. S. 378, 39 S. Ct. 337, 63 L. Ed. 656, 11 A. R. L. 333; In re Ulmer (D. C.) 208 F. 461. Such conduct constitutes an obstruction of justice and is punishable as a direct contempt. 13 C. J. p. 25; U. S. v. Appel (D. C.) 211 F. 495.

[3] The fact that perjury is a substantive crime, and as such punishable, does not prevent it from being punished as a contempt. In re Steiner, et al. (D. C.) 195 F. 299.

By reason of the conduct of the defendant in presenting false and fraudulent instruments in evidence, and corruptly testifying falsely to the authenticity of such instrument, she is adjudged to have committed a direct contempt of court.