THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL FALK, Respondent, *v.* THE SHERIFF OF NEW YORK COUNTY, Defendant.

SAMUEL H. HOFSTADTER et al., Constituting a Legislative Committee, Appellants.

(Argued February 8, 1932, decided March 3, 1932.)

*Samuel Seabury* and *George Trosk* for appellants. A witness who has been adjudged guilty of contempt for refusing to answer a question on one occasion cannot purge himself of that contempt by committing perjury on another. Nothing short of frankness and perfect candor, coupled with an awakened conscience, can earn absolution from an existing contempt. (*United States* v. *Shipp,* 203 U. S. 563; *Briddon* v. *Briddon,* 229 N. Y. 452.)

*Samuel Falk* and *Ilo Orleans* for respondent. Compliance by the witness with the order of the Court of Appeals, in itself, entitled him to immediate release. (*Matter of Hudgings,* 249 U. S. 378; *Rutherford* v. *United States,* 258 Fed. Rep. 855.) The court's sole duty was to determine whether its order was complied with. (*United States* v. *Appel,* 211 Fed. Rep. 495.) The witness having made a direct answer, neither evasive nor tantamount to a failure or refusal to answer at all, has complied with the court's order irrespective of the truth or falsity of his answer. (*Matter of Hudgings,* 249 U. S. 378; *Fromme* v. *Gray,* 14 Misc. Rep. 592; 148 N. Y. 698; *Silberman Dairy Co.* v. *Econopouly,* 177 App. Div. 97; *Moynihan* v. *Devany,* 90 Misc. Rep. 346.)

*Per Curiam.* An order of the Supreme Court, entered upon a decision of this court, adjudged that William F. Doyle, a witness upon a legislative inquiry, stand committed " until he answers the question whether he has bribed any public officer " (*Matter of Doyle,* 257 N. Y. 244).

The witness, who was then in jail for failure to answer that question as well as others, appeared before the legislative committee, and answered the question " no."

That answer having been given, he applied for his discharge, which was opposed by the committee on the ground that his denial was false.

The Supreme Court sustained a writ of habeas corpus sued out in his behalf by the relator, his attorney, and the Appellate Division unanimously affirmed.

The conclusion of the committee that the question had been falsely answered was not binding on the Supreme Court, which was under a duty to exercise an independent judgment, even if we assume for the purpose of this appeal that the truthfulness of the answer could be considered at all. (As to this see *United States* v. *Appel,* 211 Fed. Rep. 495, per LEARNED HAND, J.; *Matter of Hudgings,* 249 U. S. 378; *Fromme* v. *Gray,* 148 N. Y. 695; *Matter of Silberman Dairy Co.* v. *Econopouly,* 177 App. Div. 97.) The court was not satisfied that the disclaimer of a bribe was false. We are not at liberty to review its conclusion in that regard unless untruthfulness is apparent as a matter of law.

Upon the record now before us, the untruthfulness of the answer may be a possible inference, but a necessary one it certainly is not. We are not at liberty to say, at all events as a matter of law, that " the testimony is not a *bona fide* effort to answer the questions at all " ( *United States* v. *Appel, supra*). True, indeed, it is that at an earlier stage of the inquiry the witness had declined to answer a like question on the ground that the answer might tend to incriminate him. We are asked how such a claim of privilege could have been genuine if the witness could truthfully have answered " no." But to put such a question is to ignore the character and limitations of the proceeding now before us. Conceivably the witness interposed the claim of privilege in a deceitful endeavor to hinder and delay the legislative inquiry. Whether such an endeavor would be a contempt of the Legislature, punishable by that body (Legislative Law, § 4; Cons. Laws, ch. 32), we do not now consider. Such a contempt, if contempt it was, does not constitute the offense for which the witness is in custody. The proceeding in which he has been committed is not in the strict sense a proceeding to " punish " for a contempt at all, but one in aid of the Legislature to enforce the duty to answer a pertinent inquiry by keeping the witness in jail till the

answer has been supplied (*Matter of Hastings*, 258 N. Y. 425; Civ. Pr. Act, § 406, subd. 3). When once that is done, he is entitled to his discharge, though there was evasion or deceit in setting up the claim of privilege whereby an answer was delayed. We do not go into the question whether a misunderstanding of the law as to the essential elements of bribery could have led the witness to believe in the heat of the inquiry that his answer would have to be " yes," though advice of counsel later might show that it could truthfully be " no." Enough for present purposes that whatever contempt may have been involved in his deceitful claim of privilege must have redress in some other proceeding and not improbably in another forum. To hold that he must stay in jail because he has given an answer " no " would be equivalent to ruling that he must stay there till he gives the answer " yes." This would be to hold that he must confess the crime of bribery whether he has committed it or not.

The order should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.