The People of the State of New York, Respondent, *v.* Nathan Caidin, Appellant.

No· opinion.  Present — Finch, P. J., Merrell, Martin, Sherman and Townley, JJ.; Finch, P. J., dissents and votes for reversal and a new trial.

Finch, P. J. (dissenting).  The defendant appeals to this court from a judgment of conviction under the provisions of the General Business Law of the State of New York, in that defendant refused to answer questions upon an investigation by the Attorney-General.  (Gen. Business Law, art. 23-A, § 352.)  The guilt of the defendant appears to be predicated upon the premise that certain of his answers were so obviously false that they constituted in effect a refusal to answer.  An examination of the record discloses that the defendant not only answered all questions but also it does not appear clearly that these answers were not truthful.  The statute in question applies only to a failure to answer.  (Gen. Business Law, art. 23-A, § 352.)  The defendant, an employee, appeared twice at the office of the Attorney-General, first on March 21, 1932, and then on the following day.  The alleged offense was committed on the second day.  At the first hearing, the defendant testified that when he became connected with the brokerage firm in question he brought no written list of customers with him but that he had his old customers in mind.  On the following day, at the second hearing, he was asked to give the names and addresses of those persons to whom he sold stock during his six weeks' employment with the brokerage house in question, to which the defendant replied: " I can't recall offhand.  I couldn't get the record.  I haven't been in the office.  Q. You carried the names of the customers in your head.  I am not asking you to give me the names of all your customers.  I am asking you to give me the names of some of the persons to whom you sold stock?  A. I can't recall the names."  In other words, it has been held that because the defendant, on the day before, had said that he carried in his head the names and addresses of his former customers, therefore, he should be able also to carry in his head the names of some of the persons to whom he sold stock during the six weeks that he was with the brokerage house in question and the statement of the defendant that he could not recall without his records to whom he sold stock during this particular time is held to have been false as matter of law.  It might well be that the defendant could remember the names and addresses of even several hundred of his former customers and yet not be able to tell offhand to which of them he had sold stock during a short particular time.  The names of customers would arise naturally as connected with recurring sales and transactions, whereas a sale of stock to any one of them would consist only of a single transaction.  The information asked of the defendant by the representative of the Attorney-General clearly distinguished between the names of the customers and the names of those customers to whom he had sold stock.  Part of the examination is as follows: " Q. You carried the names of the customers in your head.  I am not asking

you to give me the names of all your customers. I am asking you to give me the names of some of the persons to whom you sold stock? A. I can't recall the names. Q. You can't recall the name of one person? A. No, sir. Q. When was the last time you made a sale of stock? A. I should judge about a week or so ago. Q. What was the name of that person to whom you sold stock? A. I can't recall. Q. When was the time previous to that? A. Possibly a week previous. Q. Now, yesterday afternoon the representatives of the Attorney-General's office went to the office of Remsen Nichols and there served you with a subpœna. How long had you been in the office yesterday? A. About an hour and a half. * * * Q. Did you call on any prospects yesterday? A. No, sir; I didn't. Q. Did you call on any prospects on Saturday? A. No, sir. Q. Did you call on any on Friday? A. I think I did. Q. Who were the persons upon whom you called last Friday? A. Offhand, I can't tell. Q. What would refresh your recollection in that regard? A. As I told you, if I happen to be in the neighborhood where I know somebody I would call up. Q. And yet you are the man who carries the names of your customers in your head? A. I sometimes do. Q. Then, give me the names now of fifteen customers of yours, together with their addresses. A. That is difficult for me to do. * * * Q. Now, give me the names of any five of those persons upon whom you called? A. I can't recall offhand. Q. What would refresh your recollection? A. As I told you before, association of ideas — if I happened to be in a particular neighborhood I would call. Q. I am going to give you the neighborhood between 14th Street and 23rd Street, between Eighth Avenue on the West and Fifth Avenue on the East. Have you any customers in that neighborhood? A. That is hard for me to say. I wouldn't recall unless I had the names specifically." It is thus the contention of the People that because the defendant stated he carried in his head the names of his customers, he should also, as matter of law, carry in his head a record of the particular customers to whom he had sold securities during a given period of time or upon whom he called for that purpose, or that he should be able at all times to recall a considerable number, and that a denial of such knowledge constituted a refusal to answer. Such contention is erroneous. There is no testimony that the defendant recalled the names of customers to whom he had sold stock or upon whom he had called while working for the brokerage house in question. Furthermore, the record shows that the memory of defendant might be in truth lacking for some cause at the particular time in question. Even the investigator assumed the defendant was very nervous. As was said in *People ex rel. Falk* v. *Sheriff* (258 N. Y. 437): " Upon the record now before us, the untruthfulness of the answer may be a possible inference, but a necessary one it certainly is not. We are not at liberty to say, at all events as a matter of law, that ' the testimony is not a *bona fide* effort to answer the questions at all.' " In *Matter of Silberman Dairy Co.* v. *Econopouly* (177 App. Div. 97) the defendant was found guilty of a contempt for having " wilfully, deliberately and contemptuously withheld material testimony in the examination herein, for having evasively and wrongfully conducted himself in the giving of such testimony and for giving testimony which was misleading." The defendant therein had testified that he did not know who the president of his company was. The judgment was reversed upon appeal, the court saying: " The fact, if it be a fact, that appellant did not truthfully answer some of the questions asked of him, did not justify his conviction of contempt." Furthermore, it is well established that a

false answer never constitutes a refusal to answer. The remedy for a false answer is to prosecute for perjury. (*Fromme* v. *Gray*, 148 N. Y. 695.) It is only where the conduct of the witness shows beyond any doubt that he is refusing to tell what he knows that it may be found to be the equivalent of a refusal to answer. (11 Am. Law Rep. 342.) The test is whether on the face of the answer and without collateral inquiry the testimony is a *bona fide* effort to answer the questions at all. (*United States* v. *Appel*, 211 Fed. 495; approved *Ex Parte Hudgings*, 249 U. S. 378.) Judged by this test, the defendant, upon this record, cannot be found guilty. There is no testimony in this record except the examination. Therefore, the defendant has been held guilty as a matter of law upon the questions and answers standing by themselves. Furthermore, it appears that in no event was there here an unreasonable refusal to answer. The General Business Law (§ 352) requires that a refusal to answer be without reasonable cause. Defendant stated at the hearing before the Attorney-General that he could furnish the information if permitted access to the records. It follows that the judgment of conviction should be reversed and a new trial ordered.