**UNITED STATES v. TURK.**

District Court, E. D. New York.
Dec. 7, 1934.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Kenneth E. Vought, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the motion.

Max Nachamie, of New York City, opposed.

INCH, District Judge.

This is a proceeding to punish a man named Jack Turk for criminal contempt. The government claims he deliberately gave false, evasive, and perjurious testimony, in an examination pursuant to section 21a of the Bankruptcy Act (11 USCA § 44 (a), before a special commissioner, and thus deliberately obstructed the due administration of justice. The statute under which the government is proceeding is found in section 268 of the Judicial Code (28 USCA § 385).

The special commissioner certified that he found the said Jack Turk committed a contempt of this court.

Jack Turk is a bankrupt, trading as "Dolph's Sample Shoes." On or about July 18, 1934, the special commissioner was duly appointed to take testimony in the bankruptcy proceeding under section 21a of the act, 11 USCA § 44 (a). On or about July 23, 1934, Turk was examined before this commissioner by an attorney for the petitioning creditors. Turk was represented by an attorney. Certain testimony was given by Turk at this hearing in which, among other things, he positively denied that he had ever sold any shoes to an auctioneer. That he had deposited his receipts in his bank account every day. That he kept a record of such receipts. That he had borrowed less than $100, from friends, during the past two years. This testimony is set forth in full in the certificate of the commissioner.

The examination was closed on August 8, 1934.

Within a few days thereafter Turk, by his attorney, notified the commissioner that he desired an opportunity to appear before

him and sign his testimony and also make certain corrections.

Accordingly, on August 17, 1934, a period of about ten days after the said examination had closed, a part of which time the stenographer was writing out the testimony, Turk appeared before the commissioner and stated that before he signed the testimony he desired to change materially his testimony. Apparently a colloquy then took place in which the attorney for the receiver and that of the bankrupt and the commissioner each took part. In the end the commissioner allowed the bankrupt to make his statement as to the changes desired by him and then proceeded to set forth the testimony and changes in a certificate whereby the commissioner certifies that he finds that Turk had testified on July 23 and August 8, knowingly and falsely with the deliberate intention of concealing his transactions from the receiver and the court and that he therefore finds him in contempt of court.

Upon this certificate the attorney for the petitioning creditors then moved to punish Turk for a civil contempt. This proceeding came on to be heard before Judge Moscowitz who received briefs and reserved decision. Before he was able to make a decision, he was compelled to go to the Southern District of New York under a due assignment and referred the entire matter to Judge Campbell then holding Bankruptcy Term, who in turn, as the present application to punish Turk for criminal contempt was then pending before me apparently in accordance with a suggestion of Judge Moscowitz, referred all the papers in the civil matter to me.

As the two proceedings are distinct, the alleged civil contempt has been decided in a separate memorandum.

I shall now address myself to the criminal contempt proceeding instituted before me.

The bankrupt duly answered the petition of the government herein and counsel for Turk now moves to dismiss on the ground that it appears from the record, as a matter of law, that there has been no criminal contempt committed. The government relies entirely upon the said certificate of the special commissioner which sets forth in detail all the facts about which there appears to be little or no dispute. Certainly there is no substantial dispute about what occurred.

It appears therefore that the testimony of Turk given at the hearings under 21a which concluded on August 8, 1934, was untrue. We are not concerned now with whether or not Turk committed some other crime in so giving this testimony, but whether in so testifying he showed, beyond a reasonable doubt, that he had contempt for the court and was intentionally and deliberately trying to thwart the purpose of the investigation being conducted under section 21a of the act by the commissioner.

The present charge against him is a serious one. Punishment is not to be lightly considered nor imposed.

The law governing this court as shown in the light of the decisions is quite plain. Ample authority exists to punish a witness who obstructs and seeks to thwart a proper investigation whether conducted by a grand jury or by another duly constituted body. This is so whether the act forms the basis for prosecution for a crime other than contempt. Loubriel v. United States (C. C. A.) 9 F.(2d) 807. See, also, In re Schulman, 177 F. 191 (C. C. A. 2); In re Kaplan Bros., 213 F. 753 (C. C. A. 3); Haimsohn v. United States, 2 F.(2d) 441 (C. C. A. 6); United States v. Karns (D. C.) 27 F.(2d) 453.

The crimes of perjury and contempt are distinct. Blim v. United States (C. C. A.) 68 F.(2d) 484; Loubriel v. United States (C. C. A.) 9 F.(2d) 807.

Before a witness can be punished for criminal contempt, it must appear beyond a reasonable doubt that his "acts" obstructed and tended to thwart the investigations.

This word "acts" may embrace many things, one of them being the giving of testimony or failure to so testify, but, after all, it is this attitude of mind in the person that represents the "contempt," proved beyond a reasonable doubt by his "acts," which because of our inability to see the actual mental workings behind the deed is the best evidence obtainable by the court.

A few extracts from recent cases are here quoted to show how carefully the courts show what is necessary to be shown beyond a reasonable doubt.

"His refusal to answer some questions at all, under a claim of privilege which the court had previously instructed him to be inapplicable, furnishes a typical example of recalcitrancy. His attitude was clearly ob-

structive and contemptuous of judicial authority." O'Connell v. United States (C. C. A.) 40 F.(2d) 201, 205.

"The record of his testimony * * * discloses a persistent effort to conceal facts he must have known by giving evasive answers under the pretense of being unable to remember or to inform himself more fully as to the facts. His conduct was plainly designed to obstruct the administration of justice." Lang v. United States (C. C. A.) 55 F.(2d) 922, 923.

"That one can read his testimony and be blind to his palpable concealment of the knowledge he had and was asked to disclose seems beyond reason. * * * Having had ample opportunity to answer the questions asked him concerning a subject which the grand jury was properly investigating and plainly having resorted persistently to subterfuge and evasion, if not to deliberate falsifying, to prevent a disclosure of what knowledge he had and was asked to give, he was guilty of obstructing the grand jury in performing its duties, and was properly held in contempt." United States v. McGovern (C. C. A.) 60 F.(2d) 880.

"When his testimony is considered in connection with the known and undisputed circumstances, it is self-evident that the appellant did deliberately try to thwart the purpose of the investigation. * * * The appellant had persistently obstructed the administration of justice during his several examinations before the grand jury." Schleier v. United States (C. C. A.) 72 F.(2d) 414, 417.

We may now consider what happened here.

The examination before the commissioner proceeded until August 8, 1934, when it closed. If this was all that occurred and the untruthful statements of Turk were now shown, there might be something in the argument that he had then willfully obstructed the investigation, but this is not what happened. On the contrary, within but a few days after he finished giving his testimony, he voluntarily appears before the commissioner and tells the truth and this is done before his examination is made final by his signature.

There is no evidence before me that this short delay between the giving of the testimony and the giving of the changes obstructed or interfered in any way with the receivers or the administration of the es-

tate or thwarted the investigation. To be sure, Turk may have originally intended to deceive the court and the fact that an auctioneer had testified contrary to his (Turk's) testimony, may have had some effect on this intention, but the fact is plainly shown beyond a reasonable doubt that before there was any obstruction or thwarting of the investigation before the commissioner he (Turk) voluntarily came in and told the whole truth.

I am not commenting on the liability of Turk if any there be, for giving the false testimony, which he apparently admits to have been false, I am only concerned with whether or not, considering all the facts and circumstances, there appears beyond a reasonable doubt a criminal contempt.

If we take the explanation of Turk, his motive for making these later true statements would be based on rather doubtful foundation. It would seem more reasonable to believe that either through fear of the consequences, or by sound advice of counsel after learning the true facts, Turk decided to tell the truth.

This would seem to indicate not contempt for the court, but the more sensible attitude of fear of the law and respect for the court.

Even if it could be argued that there was a contempt of a technical nature committed by his original testimony and the lapse of the few days following the closing of his examination, Loubriel v. United States (C. C. A.) 9 F.(2d) 807, 808, his subsequent voluntary appearance and his then statement of the truth in spite of the situation which confronted him could reasonably be considered a complete purging of such contempt.

The court is given this power to punish in order to punish one who is clearly obstructing the administration of justice and, in my opinion, such power is not to be exercised where the person to be punished has voluntarily recanted before any real obstruction has taken place or the investigation retarded.

I can easily imagine the aggravation of those concerned in this investigation. Possibly the loss of temper on the part of some may be natural.

It hardly need be stated that false swearing before a commissioner should not go unpunished if proved to be perjury, or that a commissioner or other proper officer should as in this case, be prompt to

acquaint the court with such conduct. That duty has been properly performed here, but punishment must result only from a calm consideration of all the facts and circumstances and the court may punish for criminal contempt only where, beyond a reasonable doubt, there appears to have been committed a contempt within the definition of the statute and the decisions.

Accordingly, in my opinion, Turk is not guilty of a criminal contempt and the motion to dismiss is granted.