In the Matter of the Application of the JOINT LEGISLATIVE COMMITTEE TO INVESTIGATE THE EDUCATIONAL SYSTEM OF THE STATE OF NEW YORK, Petitioner, to Punish One JOHN LITTLE, Respondent, for Contempt.

Supreme Court, Special Term, New Yor': County, August 7, 1941.

*Paul Windels,* for the petitioner.

*Joseph R. Brodsky,* for the respondent.

BENVENGA, J. This is an application for an order under section 406 of the Civil Practice Act directing the issuance of a warrant

to commit the respondent to jail until he shall answer the questions put to him by the Joint Legislative Committee to Investigate the Educational System of the State of New York.

The basis of this application is that Little's testimony before the committee was so false, evasive and contradictory as to constitute a refusal to answer within the meaning of the statute.

Under section 406, if a person subpœnaed and attending before a legislative or other body " refuses without reasonable cause * * * to answer a legal and pertinent question," the court, upon proof by affidavit of the facts, may by warrant commit the witness to jail until he answers the questions; and, if the witness is committed for refusing to answer a question, the question must be inserted in the warrant. (Civ. Prac. Act, § 406, subds. 3, 4; Legislative Law, § 62-a.)

On this application a transcript of Little's testimony, consisting of more than sixty pages, has been made a part of the moving papers. These papers, however, do not specify which of the many questions Little refused to answer. This omission is fatal to the application. The statute contemplates that the questions should be specified in the moving papers so as to enable the witness to answer the charges made against him, and to enable the court intelligently to pass upon them. This the moving party has failed to do. It has contented itself with the flat assertion that a reading of the minutes, as a whole, will show that the witness' testimony is so false, evasive and contradictory as to constitute a refusal to answer. This is not enough.

The respondent takes the position that the purpose of section 406 is to compel an answer; that it does not concern itself with the nature of the response once it has been made, and that as Little answered every question put to him, this court is without jurisdiction to commit him to jail, even though his answers may be false, evasive and contradictory. This contention is untenable. In determining whether a witness should be committed, the test is not whether he has answered every question put to him, but whether on its face and without collateral inquiry, the testimony is a *bona fide* effort to answer the question at all. (*People ex rel. Falk* v. *Sheriff of New York County,* 258 N. Y. 437, 439; *Matter of Finkel* v. *McCook,* 247 App. Div. 57, 62–65; affd., 271 N. Y. 636; *United States* v. *Appel,* 211 Fed. 495, 496. See, also, *People* v. *Caidin,* 238 App. Div. 813.)

The motion is denied, but without prejudice to a renewal upon proper papers.